```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
CARESSE FRANCAVILLA, as mother and
natural guardian of MARCO FRANCVILLA, an
infant and CARESSE FRANCAVILLA,
individually,
```

Plaintiffs,

**ORDER**
-against-    CV 04-1662 (ADS)(ARL)

```
ICON HEALTH & FITNESS, INC., IHF
HOLDINGS, INC. and IHF CAPITAL, INC.,
```

Defendants.
----------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

Before the court is the defendants' letter application dated May 13, 2005, seeking leave to file an amended complaint to interpose a counterclaim for negligent entrustment against the plaintiff, Caresse Francavilla, and to extend the deadline for submission of motions to amend pleadings set forth in the court's February 23, 2005 scheduling order. The plaintiffs have not opposed the motion. For the reasons set forth below, the defendants' application is granted.

The defendants argue, in their application, that leave to amend pursuant to Rule 13(f) should be freely granted pursuant to Rule 15.[1] The defendants analysis, however, is flawed. On February 25, 2005, the parties submitted a Consent Order (Amending Scheduling Order) that was adopted by the court. The Consent Order required that any "[m]otions to amend the pleadings [be] completed" by March 27, 2005. The defendants made the instant motion almost two months after the deadline, and thus, it must be determined under Rule 16(b)'s good cause standard rather than the more liberal standard of Rule 15. *See Credit Suisse First Boston v. Couer d'Alene*

---

[1] Rule 13(f) provides "[w]hen a pleader falls to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, the pleader may by leave of court set up the counterclaim by amendment."

*Mines,* 2004 U.S. Dist. LEXIS 25260 at *16 (S.D.N.Y. Dec. 14, 2004)(M.J. Dolinger), *adopted* 2005 U.S. Dist. LEXIS 1893 (S.D.N.Y. Feb. 10, 2005) (*citing Parker v. Columbia Pictures Indus.,* 204 F.3d 326, 340 (2d Cir. 2000)(more stringent "good cause" standard of Fed. R. Civ. P. 16(b) proper when party seeks to amend pursuant to 13(f) after deadline); *see also Permatex, Inc. V. Loctite Corp.*, 2004 U.S. Dist. LEXIS 10953 (S.D.N.Y. June 17, 2004).

Rule 16(b) requires that deadlines be set for proceedings such as joinder of parties and amendment of pleadings. By limiting the time for amendments, "the rule is designed to offer a measure of certainty in pretrial proceedings, ensuring that 'at some point both the parties and the pleadings will be fixed.'" *Parker,* 204 F.3d at 339 (quoting Fed. R. Civ. P. 16 advisory committee's note (1983 amendment, discussion of subsection (b)). In some cases, the court may determine that the deadline cannot be met despite the parties' diligence, and grant leave to extend the deadline. The rule plainly states, however, that a scheduling order "shall not be modified except upon a showing of good cause." The Second Circuit, in *Parker,* adopted the standard already in place in other Circuits, holding that "despite the lenient standard of Rule 15(a), the district court does not abuse its discretion in denying leave to amend the pleading after the deadline set in the scheduling order where the moving party has failed to establish good cause." *Id.* at 340.

Although the defendants' papers do not address Rule 16(b), the defendants do argue that the factual predicates for the proposed amendment were not known to them at the time they filed their answer, but rather, became evident at a deposition held after the deadline for submission of motions to amend the pleadings. The defendants do not, however, offer an explanation for why they waited an additional month to make the instant application. Nonetheless, under the circumstances presented by the defendants and given the plaintiff's failure to respond to the

2

application, the court finds that the defendants have established good cause for making the delayed motion.

Additionally, the defendants' papers suggest that the proposed counterclaim will not delay the proceedings as discovery is still ongoing. The deadline for all discovery is June 13, 2005. While the court does not necessarily agree with the defendants' contention that the plaintiffs have adequate time to conduct additional discovery regarding the proposed counterclaim, as the plaintiffs have not weighed in on the application, the court cannot assess the plaintiff's discovery needs. Finally, nothing before the court suggests that the additional counterclaim should be denied on the basis of futility. Accordingly, the defendants' application is granted. The defendant is directed to serve and file the amended answer with counterclaim immediately upon receipt of this order.

Dated: Central Islip, New York  **SO ORDERED:**
      May 24, 2005

_____/s/_____
ARLENE R. LINDSAY
United States Magistrate Judge